THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CENGAGE LEARNING HOLDINGS I, L.P., <br> CENGAGE LEARNING HOLDINGS II L.P., <br> CENGAGE LEARNING, INC., <br> APAX/TL HOLDINGS, LLC, <br> EDUCATION MEDIA AND PUBLISHING <br>     GROUP LIMITED, and <br> HOUGHTON MIFFLIN HARCOURT <br>     PUBLISHING COMPANY, <br><br> Defendants. | CASE NO.: <br><br> JUDGE: <br><br> Case: 1:08-cv-00899 <br> Assigned To : Bates, John D. <br> Assign. Date : 5/28/2008 <br> Description: Antitrust <br><br> FILED <br> MAY 3 0 2008 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

## ASSET PRESERVATION STIPULATION AND ORDER

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

### I. Definitions

As used in this Asset Preservation Stipulation and Order, the terms "Cengage," "Houghton Mifflin," "Divestiture Assets," "Acquirer," and "Acquirers" have the same meaning as defined in the proposed Final Judgment in this action filed herewith and attached as Exhibit A.

### II. Objectives

The proposed Final Judgment is meant to ensure Defendants' prompt divestiture of the Divestiture Assets for the purpose of preserving viable competition in the higher education textbook publishing business to remedy the anticompetitive effects that the United States alleges would otherwise result from the acquisition by Cengage of the assets of the Houghton Mifflin

College Division ("HM College") from Houghton Mifflin. This Asset Preservation Stipulation and Order will ensure that until the divestitures required by the proposed Final Judgment have been accomplished, the Divestiture Assets will be preserved, maintained, marketed, and further developed, and continue to be operated as economically viable and ongoing competitive business properties.

### III. Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this action, and Defendants waive all objections to the Court's exercise of personal jurisdiction over Defendants in this action and to the propriety of venue in the United States District Court for the District of Columbia.

### IV. Compliance with and Entry of the Proposed Final Judgment

A.  The parties stipulate that the proposed Final Judgment in the form attached hereto as Exhibit A may be filed with the Court, and that, upon the motion of any party or upon the Court's own motion, it may be entered at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act (15 U.S.C. § 16), without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on Defendants and by filing that notice with the Court.

B.  Defendants shall abide by and comply with the provisions of the proposed Final Judgment pending its entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Asset Preservation Stipulation and Order by the parties, comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an

2

order of the Court.

  C. Defendants shall not consummate the transaction sought to be enjoined by the Complaint herein before the Court has signed this Asset Preservation Stipulation and Order.

  D. This Asset Preservation Stipulation and Order shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

  E. In the event: (1) the United States has withdrawn its consent, as provided in Section IV.A above, or (2) the proposed Final Judgment is not entered pursuant to this Asset Preservation Stipulation and Order, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Asset Preservation Stipulation and Order, and the making of this Asset Preservation Stipulation and Order shall be without prejudice to any party in this or any other proceeding.

  F. Defendants represent that the divestitures ordered in the proposed Final Judgment can and will be made, and that they will later raise no claim of mistake, hardship or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

### V. Preservation of the Divestiture Assets

For the duration of the period specified in Section VII:

  A. Defendants shall preserve, maintain, and continue to operate the Divestiture Assets in a manner consistent with this Asset Preservation Stipulation and Order and the proposed Final Judgment.

B. Defendants shall take all steps necessary to:

(1) Preserve and maintain the value and goodwill of the Divestiture Assets, and continue to operate the Divestiture Assets as economically viable, competitive, and ongoing business properties;

(2) Maintain and increase the sales and revenues of the Divestiture Asset-related products and services;

(3) Maintain at 2007 levels, 2008 levels, or previously approved levels for 2009, whichever are higher, all operational, promotional, developmental, advertising, sales, technical, customer-service and marketing funding and other support for the Divestiture Assets;

(4) Ensure that the Divestiture Assets are fully maintained in operable and saleable condition and continue to be developed and updated; and

(5) Maintain and adhere to normal sales, development, updating, and support schedules for the Divestiture Assets.

C. Defendants shall provide sufficient working capital and lines and sources of credit to continue to maintain the Divestiture Assets as economically viable, competitive, and ongoing business properties.

D. Defendants shall not, except as part of a divestiture approved by the United States in accordance with the proposed Final Judgment, remove, sell, lease, assign, transfer, destroy, pledge, or otherwise dispose of any of the Divestiture Assets.

E. Prior to the completion of the sale by Houghton Mifflin of the Divestiture Assets to Cengage as part of its sale to Cengage of HM College, Defendants' employees involved in the editorial content, management, or licensing of the Divestiture Assets or the provision or

development of seminars or training activities relating to any of the Divestiture Assets, or with supervisory responsibility or otherwise having substantial involvement in the sale, marketing, development, design, layout, production, research, operation, delivery, or distribution of the Divestiture Assets, shall not be terminated or reassigned to other areas within their respective companies except for transfer bids initiated by employees pursuant to Defendants' regular, established job posting policies. Defendants shall provide the United States with ten (10) calendar days notice of such transfer. Upon Completion of the sale by Houghton Mifflin of the Divestiture Assets to Cengage as part of its sale to Cengage of HM College, Defendants' employees involved in the editorial content, management, or licensing of the Divestiture Assets or the provision or development of seminars or training activities relating to any of the Divestiture Assets, or with supervisory responsibility or otherwise having substantial involvement in the sale, marketing, development, design, layout, production, research, operation, delivery, or distribution of the Divestiture Assets, shall not be terminated by Defendants and shall not be reassigned by Cengage to other areas within the company except for transfer bids initiated by employees pursuant to Cengage's regular, established job posting policies. Cengage shall provide the United States with ten (10) calendar days notice of such transfer.

    F.    Defendants shall take no action that would jeopardize, delay, or impede the sale of the Divestiture Assets to an Acquirer or Acquirers acceptable to the United States in its sole discretion.

    G.    Defendants shall provide such support services for the Divestiture Assets as are required for the Divestiture Assets to operate as economically viable, competitive, and ongoing business properties. These services may include federal and state regulatory compliance,

including making all customary filings with federal and state governmental units, human resources, legal, finance, software and computer operations support, administrative, and such other services as are reasonably necessary to operate the Divestiture Assets.

      H.     Defendants shall use their best efforts to preserve the existing relationships with each author, licensor, customer, supplier, and other entity or individual having business relations relating to the Divestiture Assets, in accordance with current and past practice.

      I.     Defendants shall maintain, in accordance with sound accounting principles, separate, accurate and complete financial ledgers, books and records that report on a periodic basis, such as the last business day of every month, consistent with past practices, the assets, liabilities, expenses, revenues, and income of the Divestiture Assets.

      J.     Defendants shall take no action that would interfere with the ability of any trustee appointed pursuant to the proposed Final Judgment to complete the divestitures pursuant to the proposed Final Judgment to an Acquirer or Acquirers acceptable to the United States.

      K.     Notwithstanding any other provision of this Asset Preservation Stipulation and Order, Houghton Mifflin's obligations under Sections V.A, V.B, V.C, and V.D shall cease upon completion of its sale of the Divestiture Assets to Cengage as part of its sale to Cengage of HM College.

### VI. Appointment of Compliance Manager

Subject to the approval of the United States, Defendants shall appoint a person or persons to oversee the implementation of Defendants' obligations under the proposed Final Judgment and this Asset Preservation Stipulation and Order. The appointed person(s) shall be responsible for ensuring Defendants' compliance with Section V of this Asset Preservation Stipulation and

Order, and shall have complete managerial responsibility for the Divestiture Assets, including pricing authority, to direct and implement all steps necessary to ensure Defendants' full compliance with Section V, subject to the provisions of the proposed Final Judgment. In the event any such person is unable to perform his or her duties, Defendants shall appoint, subject to the approval of the United States, a replacement within ten (10) working days. Should Defendants fail to appoint a replacement acceptable to the United States within this time period, the United States shall appoint a replacement. Any person appointed pursuant to this Section shall be compensated by Defendants based on an arrangement that provides a significant incentive for increased sales of Divestiture Asset-related products and services relative to sales during (a) the immediately preceding three-month period and (b) the same period one year earlier.

## VII. Continuation of Asset Preservation Requirements

Defendants' obligations under Sections V and VI of this Asset Preservation Stipulation and Order shall remain in effect until consummation of the Divestitures required by the proposed

Final Judgment or until further order of the Court. If the United States voluntarily dismisses the Complaint, Defendants' obligations under this Asset Preservation Stipulation and Order shall cease.

Dated: MAY 28, 2008

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA:

_____
Janet J. Brody, Esq.
U.S. Department of Justice
Antitrust Division
Networks & Technology Enforcement Section
600 E Street, NW, Suite 9500
Washington, D.C. 20530

FOR DEFENDANTS
CENGAGE LEARNING HOLDINGS I,
L.P.; CENGAGE LEARNING HOLDINGS
II L.P.; CENGAGE LEARNING, INC.; and
APAX/TL HOLDINGS, LLC:

_____
Paul Yde, Esq.
Freshfields Bruckhaus Deringer LLP
701 Pennsylvania Avenue, NW, Suite 600
Washington, D.C. 20004

FOR DEFENDANTS
EDUCATION MEDIA AND PUBLISHING
GROUP LIMITED and
HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY:

_____
Debra Pearlstein, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

**ORDER**

**IT IS SO ORDERED** by the Court, this 29 day of May, 2008.

_____
**United States District Judge**